IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:12-CR-86-D-1

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.   ) | **ORDER** |
| ) | |
| LUIS GUTIERREZ RODRIGUEZ, ) | |
| ) | |
| Defendant.  ) | |

On November 13, 2012, pursuant to a written plea agreement, Luis Gutierrez Rodriguez ("Rodriguez") pleaded guilty to conspiracy to distribute and possess with the intent to distribute more than 500 grams or more of a substance containing a detectable amount of methamphetamine. See [D.E. 80, 83]. On June 10, 2013, the court held Rodriguez's sentencing hearing. See [D.E. 131, 136]. At the hearing, the court adopted the facts set forth in the Presentence Investigation Report ("PSR"). See Fed. R. Crim. P. 32(i)(3)(A)-(B). The court calculated Rodriguez's total offense level to be 35, his criminal history category to be IV, and his advisory guideline range to be 235 to 293 months' imprisonment. See Resentencing Report. After granting the government's motion under U.S.S.G. § 5K1.1 and thoroughly considering all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Rodriguez to 162 months' imprisonment. See id. Rodriguez did not appeal.

On January 28, 2016, Rodriguez moved for a sentence reduction under 18 U.S.C. § 3582(c)(2), U.S.S.G. § 1B1.10, and Amendment 782. See [D.E. 160]. Rodriguez's new advisory guideline range is 188 to 235 months' imprisonment, based on a total offense level of 33 and a criminal history category of IV. See Resentencing Report. Rodriguez requests a 130-month sentence. See id.; [D.E. 160].

The court has discretion under Amendment 782 to reduce Rodriguez's sentence. See, e.g., Dillon v. United States, 560 U.S. 817, 827 (2010); United States v. Peters, 843 F.3d 572, 574 (4th Cir. 2016); United States v. Patterson, 671 F. App'x 105, 105–06 (4th Cir. 2016) (per curiam) (unpublished); United States v. Cole, 618 F. App'x 178, 178–79 (4th Cir. 2015) (per curiam) (unpublished); United States v. Thomas, 546 F. App'x 225, 225–26 (4th Cir. 2013) (per curiam) (unpublished); United States v. Perez, 536 F. App'x 321, 321 (4th Cir. 2013) (per curiam) (unpublished); United States v. Smalls, 720 F.3d 193, 195–97 (4th Cir. 2013); United States v. Mann, 709 F.3d 301, 306–07 (4th Cir. 2013); United States v. Stewart, 595 F.3d 197, 200 (4th Cir. 2010). In deciding whether to reduce Rodriguez's sentence, the court finds that Rodriguez engaged in serious criminal behavior. See PSR ¶¶ 4–7. Moreover, Rodriguez is a recidivist and has convictions for felony credit card abuse, felony possession of marijuana, and felony possession with intent to deliver cocaine. See id. ¶¶ 11–16. Moreover, Rodriguez has performed poorly on supervision and has a spotty work history. See id. ¶¶ 12, 18, 31–39. Nonetheless, Rodriguez has taken some positive steps while incarcerated on his federal sentence. See Resentencing Report; cf. Pepper v. United States, 562 U.S. 476, 491 (2011).

Having reviewed the entire record and all relevant policy statements, the court finds that Rodriguez received the sentence that was "sufficient, but not greater than necessary" under 18 U.S.C. § 3553(a). Further reducing Rodriguez's sentence would threaten public safety in light of his serious criminal conduct and serious criminal history. Cf. U.S.S.G. § 1B1.10, cmt. n.1(B)(ii). Thus, the court denies Rodriguez's motion for reduction of sentence under Amendment 782. See, e.g., Patterson, 671 F. App'x at 105–06; Cole, 618 F. App'x at 178–79; Thomas, 546 F. App'x at 225–26; Perez, 536 F. App'x at 321.

2

In sum, the court DENIES Rodriguez's motion for reduction of sentence [D.E. 160].

SO ORDERED. This 18 day of June 2018.

                                                   JAMES C. DEVER III
                                                   Chief United States District Judge