IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:12-CR-86-D

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| LUIS GUTIERREZ RODRIGUEZ, | ) | |
| | ) | |
| Defendant. | ) | |

On June 5, 2020, Luis Gutierrez Rodriguez ("Rodriguez" or "defendant") moved pro se for compassionate release under the First Step Act ("First Step Act"), Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5238–41 (2018) (codified as amended at 18 U.S.C. § 3582) [D.E. 169]. On February 5, 2021, Rodriguez, through counsel, filed a memorandum and exhibits in support [D.E. 178]. On May 6, 2021, the government responded in opposition and filed exhibits [D.E. 188]. As explained below, the court denies Rodriguez's motion.

I.

On November 13, 2012, pursuant to a written plea agreement, Rodriguez pleaded guilty to conspiracy to distribute and possess with the intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine. See [D.E. 5, 80, 83]. On June 10, 2013, the court held the sentencing hearing and adopted the facts as set forth in the Presentence Investigation Report ("PSR"). See [D.E. 131, 136, 137]. The court calculated Rodriguez's total offense level to be 35, his criminal history category to be IV, and his advisory guideline range to be 235 to 293 months' imprisonment. See [D.E. 137] 1. After granting the government's downward departure motion and thoroughly considering all relevant factors under 18 U.S.C. § 3553(a), the

court sentenced Rodriguez to 162 months' imprisonment. See [D.E. 136] 2. Rodriguez did not appeal.

On January 28, 2016, Rodriguez moved for a sentence reduction under 18 U.S.C. § 3582(c)(2), U.S.S.G. § 1B1.10, and Amendment 782 [D.E. 160]. On June 18, 2018, the court denied Rodriguez's motion [D.E. 167].

On December 21, 2018, the First Step Act went into effect. See First Step Act, 132 Stat. at 5249. Before the First Step Act, only the Director of the Bureau of Prisons ("BOP") could file a motion for compassionate release. Under the First Step Act, a sentencing court may modify a sentence of imprisonment either upon a motion of the Director of the BOP "or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

After a defendant meets the exhaustion requirement, a defendant must (1) demonstrate "extraordinary and compelling reasons" for a sentence reduction, or (2) be at least 70 years old, have served at least 30 years in prison, and have the Director of the BOP determine that the defendant is not a danger to the safety of another person or the community. Id. In deciding to reduce a sentence under section 3582(c)(1)(A), a court must consult the sentencing factors in 18 U.S.C. § 3553(a) and must ensure that a sentence reduction is "consistent with applicable policy statements" of the United States Sentencing Commission (the "Commission"). Id.

The Commission policy statements include U.S.S.G. § 1B1.13. Section 1B1.13 essentially parrots section 3582(c)(1)(A)'s requirements and adds that the defendant not be "a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(2). Section 1B1.13's application notes provide examples of extraordinary and compelling reasons, including: (A) serious

2

medical conditions of the defendant, (B) advanced age of the defendant when coupled with a serious deterioration in physical and mental health due to aging and having served at least 10 years or 75% of his or her imprisonment term (whichever is less), (C) family circumstances, or (D) another extraordinary and compelling reason. See U.S.S.G. § 1B1.13 cmt. n.1.[1] Application note 2 states

---

[1] Application note 1 to U.S.S.G. § 1B1.13 states in full:

1. Extraordinary and Compelling Reasons.—Provided the defendant meets the requirements of subdivision (2), extraordinary and compelling reasons exist under any of the circumstances set forth below:

   (A) Medical Condition of the Defendant.—

       (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

       (ii) The defendant is—

           (I) suffering from a serious physical or medical condition,

           (II) suffering from a serious functional or cognitive impairment, or

           (III) experiencing deteriorating physical or mental health because of the aging process,

       that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

   (B) Age of the Defendant.—The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

   (C) Family Circumstances.—

3

that "an extraordinary and compelling reason need not have been unforeseen at the time of sentencing to warrant a reduction in the term of imprisonment." U.S.S.G. § 1B1.13 cmt. n.2. Thus, the fact "that an extraordinary and compelling reason reasonably could have been known or anticipated by the sentencing court does not preclude consideration for a reduction under this policy statement." Id. Application note 3 states, "[p]ursuant to 28 U.S.C. § 994(t), rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement." U.S.S.G. § 1B1.13 cmt. n.3.

The Commission has lacked a quorum since Congress enacted the First Step Act and has not updated U.S.S.G. § 1B1.13 to account for the First Step Act. Accordingly, section 1B1.13 does not provide a policy where an inmate files a motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A). See, e.g., United States v. High, 997 F.3d 181, 186 (4th Cir. 2021); United States v. Kibble, 992 F.3d 326, 330–31 (4th Cir. 2021); United States v. McCoy, 981 F.3d 271, 280–84 (4th Cir. 2020). Rather, "[section] 1B1.13 only applies when a request for compassionate release is made upon motion of the Director of the [BOP]." Kibble, 992 F.3d at 330–31. Nevertheless, section 1B1.13 provides informative policy when assessing an inmate's motion, but a court independently

---

       (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.

       (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

  (D) Other Reasons.—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13 cmt. n.1.

4

determines whether "extraordinary and compelling reasons" warrant a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i). See High, 997 F.3d at 186; McCoy, 981 F.3d at 284. In doing so, the court consults not only U.S.S.G. § 1B1.13, but also the text of 18 U.S.C. § 3582(c)(1)(A) and the section 3553(a) factors. See, e.g., McCoy, 981 F.3d at 280–84; United States v. Jones, 980 F.3d 1098, 1101–03 (6th Cir. 2020); United States v. Gunn, 980 F.3d 1178, 1180–81 (7th Cir. 2020); United States v. Ruffin, 978 F.3d 1000, 1007–08 (6th Cir. 2020); United States v. Brooker, 976 F.3d 228, 237–38 (2d Cir. 2020); United States v. Clark, No. 1:09cr336-1, 2020 WL 1874140, at *2 (M.D.N.C. Apr. 15, 2020) (unpublished).

Rodriguez contends that he has exhausted his administrative remedies. See [D.E. 169] 7. The government responds that Rodriguez has failed to exhaust his administrative remedies. See [D.E. 188] 17; [D.E. 188-2]; United States v. Alam, 960 F.3d 831, 833–34 (6th Cir. 2020).[2] Nonetheless, the court assumes without deciding that Rodriguez has exhausted his administrative remedies and addresses Rodriguez's claim on the merits.

Rodriguez seeks compassionate release pursuant to section 3582(c)(1)(A). In support of his request, Rodriguez cites the COVID-19 pandemic and his allergies. See [D.E. 169] 5–6; [D.E. 178] 2–3; [D.E. 178-3]. Rodriguez also cites the conditions at FCI Forrest City, his rehabilitation efforts, and his release plan. See [D.E. 169] 6–7; [D.E. 178] 2; [D.E. 178-9].

As for the medical condition of the defendant policy statement, the policy statement requires that the defendant is "suffering from a serious physical or medical condition . . . from which he or she is not expected to recover." U.S.S.G. § 1B1.13 cmt. n.1(A)(ii). Although Rodriguez states that

---

[2] The Fourth Circuit has not addressed whether section 3582's exhaustion requirement is a jurisdictional or claims-processing requirement. The court assumes without deciding that the requirement is a claims-processing rule, and that the government must "properly invoke" the rule for this court to enforce it. See Alam, 960 F.3d at 833–34.

5

he suffers from allergies, he has not demonstrated that he is not going to recover from this condition or that it cannot be treated while Rodriguez serves his sentence. Moreover, Rodriguez has refused the COVID-19 vaccine, which undermines any legitimate claim of fear of contracting the virus. See [D.E. 188] 2–3, 20–22. Accordingly, reducing Rodriguez's sentence is not consistent with application note 1(A). See 18 U.S.C. § 3582(c)(1)(A).

As for the "other reasons" policy statement, the court assumes without deciding that the COVID-19 pandemic, Rodriguez's allergies, Rodriguez's rehabilitation efforts, and his release plan are extraordinary and compelling reasons under section 3582(c)(1)(A). Cf. United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread."). Even so, the section 3553(a) factors counsel against reducing Rodriguez's sentence. See High, 997 F.3d at 187–91; Kibble, 992 F.3d at 331–32; United States v. Chambliss, 948 F.3d 691, 693–94 (5th Cir. 2020); Clark, 2020 WL 1874140, at *3–8.

Rodriguez is 49 years old and engaged in serious criminal conduct from 2011 to 2012. See PSR [D.E. 119] ¶¶ 4–7. As a member of a drug trafficking organization, Rodriguez is accountable for trafficking 4.151 kilograms of methamphetamine. See id. Rodriguez also trafficked large amounts of cocaine and marijuana across state and possibly international lines. See id. Moreover, Rodriguez is a recidivist with convictions for theft, evading arrest, credit card abuse, possession of marijuana, and possession with intent to distribute cocaine. See id. ¶¶ 11–15. Rodriguez also has a history of violating probation and a spotty work history. See id. ¶¶ 11–15, 31–39. Although Rodriguez has taken some positive steps while incarcerated, he sustained two disciplinary infractions for possessing cell phones. See [D.E. 188-1]; cf. [D.E. 169] 6; [D.E. 178-9]. The court considers

6

possessing a cell phone in prison to be serious misconduct. Cf. United States v. Melton, 761 F. App'x 171, 172–78 (4th Cir.) (per curiam) (unpublished), cert. denied, 140 S. Ct. 6507 (2019).

The court has considered Rodriguez's exposure to COVID-19, his vaccine refusal, his allergies, his rehabilitation efforts, his serious misconduct in prison, and his release plan. Cf. Pepper v. United States, 562 U.S. 476, 480–81 (2011); High, 997 F.3d at 187–91; United States v. McDonald, 986 F.3d 402, 412 (4th Cir. 2021); United States v. Martin, 916 F.3d 389, 398 (4th Cir. 2019). Having considered the entire record, the steps that the BOP has taken to address COVID-19 and to vaccinate Rodriguez, the section 3553(a) factors, Rodriguez's arguments, the government's persuasive response, and the need to punish Rodriguez for his serious criminal behavior, to incapacitate Rodriguez, to promote respect for the law, to deter others, and to protect society, the court declines to grant Rodriguez's motion for compassionate release. See, e.g., Chavez-Meza v. United States, 138 S. Ct. 1959, 1966–68 (2018); High, 997 F.3d at 187–91; Ruffin, 978 F.3d at 1008–09; Chambliss, 948 F.3d at 693–94; United States v. Hill, No. 4:13-CR-28-BR, 2020 WL 205515, at *2 (E.D.N.C. Jan. 13, 2020) (unpublished), aff'd, 809 F. App'x 161 (4th Cir. 2020) (per curiam) (unpublished).

II.

In sum, the court DENIES Rodriguez's motion for compassionate release [D.E. 169].

SO ORDERED. This 28 day of June 2021.

JAMES C. DEVER III
United States District Judge